Joe DOUGLAS, etc.

v.

TALK AMERICA, INC., etc., et al.

No. CV 06–3809–GAF (RCx).

United States District Court, C.D. California.

Feb. 17, 2010.

J. Paul Gignac, Kiley Lynn Grombacher, Los Angeles, CA, for Plaintiff.

Paul R. Gwilt, Omaha, NE, Edwin J. Richards, Irvine, CA, for Defendant.

## PROCEEDINGS: ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES SET TWO

ROSALYN H. CHAPMAN, United States Magistrate Judge.

On January 27, 2010, plaintiff filed a notice of motion and motion to compel defendant's responses to plaintiff's interrogatories set two, a joint stipulation, and the supporting declaration of Kiley Lynn Grombacher with exhibits. On January 27, 2010, defendant filed the opposing declaration of Paul R. Gwilt with exhibits, and on February 3, 2010, plaintiff filed his supplemental memorandum and the supplemental declaration of Kiley Lynn Grombacher with exhibit. Oral argument was held on February 17, 2010.

## BACKGROUND

On June 16, 2006, plaintiff Joe Douglas filed his initial complaint, and on August 14, 2006, he filed his First Amended Complaint ("FAC") against defendant Talk America, Inc., on behalf of himself and on behalf of a putative class, raising the following claims:

(1) violation of the Federal Communications Act, 47 U.S.C. § 201; (2) declaratory relief under the Declaratory Relief Act, 28 U.S.C. §§ 2201, et seq.; (3) breach of contract; (4) violation of the California Consumers Legal Remedies Act, Civil Code §§ 1750, et seq.; and (5) unfair competition in violation of California Business & Professions Code §§ 17200, et seq. The gravamen of plaintiff's complaint is that defendant, a telecommunications corporation with its principal place of business in Pennsylvania, engaged in unfair, deceptive and misleading practices by billing consumers for undisclosed or inadequately disclosed non-governmental surcharges, specifically the "Inter–LATA Direct Dial Fee," "Monthly Billing Fee" and "TSR Administration Fee," and failed to fully and adequately disclose to consumers that it would be assessing and collecting these surcharges if they contracted with defendant for telephone service. FAC at 2:8–17, FAC ¶¶ 5, 9–12. Plaintiff defines the class he seeks to represent as:

> all residents of the United States of America who, at any time during the two-year period of time predating the filing of the original Complaint in this action, were charged and have paid the "Inter–LATA Direct Dial Fee," the "Monthly Billing Fee" or the "TSR Administrative Fee[ ]."

FAC ¶ 13. Plaintiff further defines the subclass he seeks to represent as:

> all residents of the State of California who, at any time during the four-year period of time predating the filing of the original Complaint in this action, were charged and have paid the "Inter–LATA Direct Dial Fee," the "Monthly Billing Fee" or the "TSR Administrative Fee [ ]."

*Id.* Plaintiff seeks compensatory damages and prejudgment interest, a declaration that defendant's practice of failing to disclose or making incomplete disclosures to consumers regarding the three non-governmental fees is unjust, unreasonable and unlawful, an order mandating defendant make full disclosures of the non-governmental fees, disgorgement and restitution to plaintiff and members of the California subclass for monies wrongfully obtained and retained, punitive damages, reasonable attorney's fees, and other relief.

FAC ¶¶ 64–80. On March 28, 2008, defendant filed its answer and raised numerous defenses to the First Amended Complaint.

On October 20, 2006, District Judge Gary A. Feess granted defendant's motion to compel arbitration and stayed this action. (Docket no. 28). The plaintiff then filed a petition for writ of mandamus in the Ninth Circuit Court of Appeals challenging Judge Feess's decision, and the Ninth Circuit granted the petition in a published opinion filed July 18, 2007. (Docket no. 57); *Douglas v. United States Dist. Court for the Cent. Dist. of Cal.*, 495 F.3d 1062 (9th Cir.2007) (per curiam), *cert. denied*, 552 U.S. 1242, 128 S.Ct. 1472, 170 L.Ed.2d 296 (2008).[1] In granting plaintiff's petition for writ of mandamus, the Ninth Circuit found that "[t]he district court ... erred in holding that [plaintiff] was bound by the terms of the revised contract when he was not notified of the changes." *Id.* at 1066.

On October 1, 2008, plaintiff filed a motion for class certification, which Judge Feess denied on March 10, 2009. (Docket no. 76). In denying the motion for class certification, the district court relied, in part, on the Court of Appeals' finding that plaintiff "is not bound by the CSA [Consumer Services Agreement] because he never agreed to the new terms" although they were posted on Talk America's website; thus, the district court determined plaintiff's claim cannot be deemed typical of the class, many of whom "actually received notice of, and are bound by, the terms and conditions of the CSA...." (*Id.* at 6–7). At the same time, the district court determined that "the close business and personal relationship of [plaintiff] and [attorney David] Greifinger creates, at the least, an impression of impropriety and causes the Court to conclude Greifinger is not appropriate class counsel." (*Id.* at 16 (footnote omitted)). Subsequently, Mr. Grei-

finger withdrew from the case. (Docket no. 87).

On July 24, 2009, plaintiff filed a motion for leave to file a second amended complaint (Docket no. 88), which "eliminates all contract-based claims and adds a claim for unjust enrichment" and, as such, " 'is intended to address and rectify each of the obstacles to class certification that the Court identified in its Class Certification Order.' " [2] (Docket no. 96 at 2). However, Judge Feess denied plaintiff's motion on September 3, 2009, finding the "proposed amendment is futile because it will not fulfill its stated purpose of allowing [plaintiff] to certify a class." (*Id.* at 5). More specifically, the district court found that "[a]lthough [plaintiff] has eliminated many of the bases for the Court's prior denial of his motion for class certification, [plaintiff's] amendment will not remedy the fact that he is an atypical plaintiff. Whereas the remainder of the class will face a threshold issue about whether the CSA prevents them from bringing their claims in federal court, [plaintiff] himself cannot even raise these issues because he is not a party to the agreement between Talk America and many members of the class." (*Id.* at 4–5).

## DISCUSSION

The discovery dispute before this Court focuses on plaintiff's second set of interrogatories to defendant. Interrogatory nos. 13 through 16, all of which ask defendant to identify some of the putative class members by providing the names, last known residential addresses and e-mail addresses of certain California customers. Specifically, Interrogatory no. 13 asks defendant to identify 200 California residents (customers) who "contracted directly" with Talk America for long distance telephone service and, during

1. The Court of Appeals noted:

   This is the first time any federal court of appeals has considered whether to enforce a modified contract with a customer where the customer claims that the only notice of the changed terms consisted of posting the revised contract on the provider's website. This issue is also of some significance, as it potentially affects the relationship of numerous service providers with millions of customers....

*Douglas*, 495 F.3d at 1069.

2. The proposed second amended complaint "challenges only two fees imposed by Talk America—the Inter–LATA direct dial fee and the TSR Administration Fee. It identifies two classes—a class of California residents who paid the Inter–LATA direct dial fee and a class of California residents who pay the TSR Administrative fee." (Docket no. 96 at 3).

the period from May 1, 2004, through February 28, 2007, were charged and paid the Inter–LATA Direct Dial Fee; Interrogatory no. 14 asks defendant to identify 200 California residents (customers) who "contracted directly" with Talk America for long distance telephone service and, during the period from April 1, 2003, through February 28, 2007, were charged and paid the TSR Administration Fee; Interrogatory no. 15 asks defendant to identify each California resident (customer) who complained to Talk America between May 1, 2004, and February 28, 2007, about the Inter–LATA Direct Dial Fee; and Interrogatory no. 16 asks defendant to identify each California resident (customer) who complained to Talk America between April 1, 2003, and February 28, 2007, about the TSR Administration Fee. In response to each of these interrogatories, defendant incorporated General Objections and more specifically objected on grounds of third party privacy, confidential proprietary network information, overbreadth, undue burden, relevancy and solicitation of prospective clients in violation of the California State Bar Rules.[3] To address defendant's privacy objections, plaintiff proposes defendant sends a "Notice of Right to Object" to putative class members, and unless the class member sends objections to having his or her contact information provided to plaintiff to a "claims administrator" (similar to those used in certified class actions), defendant must provide the customer's identifying information to plaintiff. Jt. Stip. at 8:13–9:2.

The Court, having considered the parties' arguments, **HEREBY DENIES** plaintiff's motion to compel. Now that Judge Feess has denied plaintiff's motions for class certification and to file a second amended complaint, plaintiff seeks to use the discovery process to go "fishing" through defendant's list of customers to find a new class representative who might be found suitable by the district court.[4] However, "[n]o court has held, in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a [proposed class action] suit which has no [viable class] plaintiff." *Reed v. Bowen*, 849 F.2d 1307, 1313–14 (10th Cir. 1988); *see also Falcon v. Phillips Elec. N. Am. Corp.*, 304 Fed.Appx. 896, 898 (2d Cir. 2008) (affirming district court's denial of plaintiff's motion to reopen discovery to identify a substitute class representative on the ground it is a "fishing expedition" since plaintiff was on notice that her adequacy as a class representative was contested and "she had ample opportunity to identify other plaintiffs to serve as class representatives"); *Hauff v. Peterson*, 2009 WL 4782732, *11 (D.N.M.) ("Without a seemingly viable plaintiff, this court will not allow class discovery. Should it do so, the court would create the potential for discovery decisions or abuse prejudicial to the privacy interests of the class."); *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 557 (D.Minn.2008) (denying plaintiff's request to obtain contact information for other potential plaintiffs because "the discovery [plaintiff] seeks does not fall within the ambit of Federal Rule of Civil Procedure 26(b)(1). That Rule authorizes discovery only of matters that are 'relevant to any party's claim or defense.' Discovery sought solely for the purpose of inviting others to join this litigation would not achieve this purpose and would not be not relevant to the particular claims and defenses currently asserted in this case."). Although plaintiff argues his case is distinguishable from *Reed* because not a sufficient amount of time has gone by, *see* Plaintiff's Supplemental Memorandum at 4:6–26, the Court disagrees. Here, plaintiff has been on notice since at least 2007, when the Ninth Circuit issued its opinion, that he might not be considered either a typical or adequate class representative, *see Douglas*, 495 F.3d at 1066–67; yet, plaintiff did nothing until quite recently to attempt to find a new class representative. Moreover, the deadline set by Judge Feess for plaintiff to file a motion for class certification has long

---

3. Defendant also objected that the terms "customer complaint" and "refers, references, or relates to" in Interrogatories nos. 15 and 16 are vague and ambiguous.

4. The Court need not address the California cases plaintiff cites since those cases are not relevant to the issue currently before the Court.

passed, and this action has been pending for more than three and a half years. This case is now ready to be tried as an individual action, rather than a class action, and, as such, the Court finds the discovery plaintiff seeks is not relevant to plaintiff's claims. Thus, plaintiff's motion to compel should be denied.[5]

## ORDER

Plaintiff's motion to compel defendant's responses to Interrogatory nos. 13 through 16, second set, **IS DENIED.**

5. In light of this ruling, it is unnecessary for the Court to address defendant's other objections to plaintiff's discovery.